No. 2641

Second Circuit

HEMLER v. MERCHANT

(May 7, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 594, 598.**

If the lower court did not recognize plaintiff's privilege on the crop, whether for rent of for supplies furnished, the appellate court must assume that the plaintiff offered no evidence to sustain such privileges.

2. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact where clearly correct will be affirmed.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland, Hon. John R. McIntosh, Judge.

Action by J. A. Hemler against T. B. Merchant. There was judgment for defendant dissolving writs of provisional seizures, sequestration and attachment and plaintiff appealed.

Judgment affirmed.

George Wesley Smith, of Rayville, attorney for plaintiff, appellant.

Ellis and Ellis, of Rayville, attorneys for defendant, appellee.

ODOM, J.    On November 3, 1924, plaintiff brought suit against defendant T. B. Merchant to recover the sum of $266.20, alleged to be due for rent and for supplies for the year 1924, and upon alleging that plaintiff had a lessor's privilege on certain crops produced, to the extent of $70.00 and a privilege as furnisher of supplies for the sum of $196.20, and upon the further allegation that defendant had mortgaged, assigned or disposed of his property to the prejudice of plaintiff's lien, he asked for writs of provisional seizure, sequestration and attachment.

These writs were issued.    However, it appears that no order for said writs was ever signed.

Without answering to the merits, the defendant, Merchant, moved that said writs be dissolved on the ground that no order for the issuance of the same had been signed.    In the meantime, there had been seized by the sheriff four bales of cotton, already ginned.

On November 5, 1924, D. R. Sartor, Sons & Co., intervened in the suit, claiming that it had purchased the cotton seized under the writs and had paid for the same, which cotton, it alleged, had been delivered to it in due course.

On December 9, 1924, the motion to dissolve the writs on the ground that no order therefor had been signed was taken up and tried and the motion was sustained.

On December 12th—three days later— the third opposition of D. R. Sartor, Sons & Co. was dismissed on motion of intervenor's counsel.

No further action was taken with reference to the suit until January 25, 1926, when the case was defaulted on motion of plaintiff's counsel.

On January 29, 1926, the case was taken up and tried on its merits as against the defendant and there was judgment confirming the default in favor of the plaintiff for $266.20, the amount sued for.

On the same day counsel for plaintiff asked for and was granted a devolutive appeal to this court, returnable on March 15, 1926, which appeal was perfected by giving bond in the sum of $100.00.

The case was not argued orally but was submitted on briefs.    Counsel for plaintiff, appellant, has not filed brief nor has he assigned in this court any error in the judgment appealed from and we are therefore at a loss to know on what ground he relies to have the judgment appealed from reversed.

We do not find in the record any testimony adduced on the trial of the case, but inasmuch as the judgment itself recites that it is based upon the law and

the evidence, we must assume that the court had sufficient evidence on which to predicate the judgment.

The dissolution of the writs by the court. was unquestionably correct, for the reason that there was no order authorizing the issuance thereof.

Upon the dissolution of these writs the intervenor unquestionably had a right to assume, in the absence of any appeal from the court's order, that there would be no further contention on the part of the plaintiff that the writs had properly issued, and therefore there was nothing for the intervenor to do but to dismiss its third opposition.

The plaintiff allowed more than one year to elapse between the date on which the writs were dissolved and the date on which the default was entered.

Inasmuch as the lower court did not recognize plaintiff's privilege on the crop, either for rent or for supplies furnished, we must assume that the plaintiff offered no evidence to sustain such privileges.

In the record as presented to us, we find no error in the judgment appealed from and it is therefore affirmed.